STANDARD LITHOGRAPHING & PRINTING COMPANY v.
TWIN CITY MOTOR SPEEDWAY COMPANY.[1]

January 4, 1918.

Nos. 20,605, 20,606.

**Corporation — claim of creditor — objection to allowance.**

1. The question, in proceedings against an insolvent corporation under
G. S. 1913, § 6632, whether certain creditors are entitled to share in the
distribution of funds derived from the statutory liability of stockholders,
cannot properly be raised by an objection to the allowance of their
claims, unless it affirmatively appears that the fund so to be raised is
the only fund for distribution among the creditors, and for some valid
reason the particular creditors are excluded from participating therein.

**Same — distribution of fund among creditors.**

2. When it does not so affirmatively appear the question may be raised
on the receiver's application for an order of distribution.

Action in the district court for Ramsey county by a judgment creditor
to sequestrate the assets of defendant corporation, to obtain the appoint-
ment of a receiver and to enforce the constitutional liability of stock-
holders. The receiver appointed by the court petitioned for an assess-
ment upon the stockholders, and after hearing the court ordered an as-
sessment of $100 upon each share of stock. V. R. Irvin & Company filed
a complaint in intervention for $2,450 upon defendant's first mortgage
bonds held by it. Robinson, Cary & Sands Company filed a complaint
in intervention for $1,040, with interest, upon defendant's first mortgage
bonds owned by it. C. E. Dutton, a stockholder, filed answers to the
complaints in intervention, objecting to the allowance of the claims on
the ground that by the terms of the mortgage securing the bonds, the
manner of enforcement was as stated in the fourth paragraph of the opin-
ion. From orders, Haupt, J., allowing the respective claims of inter-
veners, C. E. Dutton took separate appeals. Affirmed on both appeals.

*Lancaster, Simpson & Purdy* and *L. E. Ineichen,* for appellant.
*Morphy, Bradford & Cummins* and *Lightner & Young,* for respondents.

[1] Reported in 165 N. W. 967.

BROWN, C. J.

Proceedings under section 6632, G. S. 1913, for the appointment of a receiver of the Twin City Motor Speedway Company, an insolvent Minnesota corporation, to sequestrate its assets, enforce the constitutional liability of its stockholders, and for a distribution of the net proceeds among creditors of the company.

The cause comes to this court on an appeal taken by C. E. Dutton, a stockholder subject to the statutory liability, from the allowance of certain claims against the corporation.

In furtherance of the enterprise for which the corporation was formed and to provide necessary funds, the corporation issued its certain bonds in different denominations, securing the payment of the same by a mortgage upon specified property. There was default in the payment of the interest on the bonds as it accrued and the mortgage was foreclosed, the mortgaged property sold, and enough realized to pay the secured indebtedness to the extent of something over 60 per cent. The claims involved on this appeal represent the balance due claimants upon the mortgage bonds held by them and so in part paid from the proceeds of the foreclosure sale.

It is the contention of appellant that, under the terms and conditions of the mortgage securing the payment of the bonded indebtedness, the holders of the bonds in the collection thereof are expressly precluded from resorting to or participating in funds derived from the statutory liability of the stockholders; that the only fund likely to come to the receiver will be from such liability, and therefore that the court erred in allowing the claims here involved, for the fund so to be derived cannot be applied in payment thereof.

It may for present purposes be conceded that respondents are not entitled to share in the fund to be collected from the stockholders, and that the contract in this respect is valid. But it is clear that appellant is premature in raising the question. The record before us will not justify the conclusion that the stockholders' liability constitutes the sole present asset of the corporation. In fact it was conceded on the argument that the receiver now has the sum of about $1,300 of other funds, and for aught that the record discloses further additions may be made thereto to which respondents may rightfully resort in payment of their claims. In view of

this situation it cannot be held that the court below erred in allowing the claims. A different conclusion no doubt could properly be reached in a case where it affirmatively appears that the only fund to be distributed will come from the statutory liability. It does not so appear in this case.

The question sought to be raised may be presented on the final accounting of the receiver or when he applies to the court for an order directing a distribution among the creditors of funds available for the purpose.

The other question suggested on the argument, namely, that respondents' sole remedy for the enforcement of the balance due on their bonds was a deficiency judgment in the foreclosure proceeding is not presented by the record. It does not appear whether the foreclosure was by action or by advertisement. The question was not presented to the lower court and no findings were made upon which it may be determined by this court.

Order affirmed.